UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMY KINNER,<br><br>                Plaintiff,<br><br>vs.<br><br>IDOC DIRECTOR, K. HUST, IDOC INTERSTATE COMPACT COORDINATOR, IDOC WARDENS, MARISA DOCUN,<br><br>                Defendants. | Case No. 1:25-cv-00056-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Timmy Kinner (Plaintiff) was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 1, 3). A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amendment if he desires to proceed.

REVIEW OF COMPLAINT

1. **Standards of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint

contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the unnecessary and wanton infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs," or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

When conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the official deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id*. at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 835.

   2. **Factual Allegations**

Plaintiff alleges that Defendants—Idaho Department of Correction (IDOC) officials and Florida Department of Corrections (FDOC) officials—are conspiring against him to "assassinate him and cover it up." (Dkt. 3 at 4). He asserts that officials have ordered him to stop writing to them about his issues, but he believes that his safety is at issue. Plaintiff provides no specific facts to support his claims. He will be permitted to file an amended complaint to correct these deficiencies.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

3. **Discussion**

Plaintiff has stated no claim upon which he can proceed with his vague allegations. Plaintiff may file an amended complaint, using the legal standards set forth above, as may be applicable. The Court is attaching a civil rights complaint form for Plaintiff to use. The pages can be copied for more than one defendant. In simplified terms, Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed.

## REVIEW OF MOTION FOR EMERGENCY TRANSFER

Plaintiff has also filed a Motion for Emergency Transfer. Issuance of a temporary restraining order or preliminary injunction is appropriate where a plaintiff can show (1) there are "serious questions going to the merits," (2) there is "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "an injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011). Preliminary injunctive relief is appropriate only if "the facts and law clearly favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff alleges he is "held under state of imminent danger & threats." (Dkt. 4 at 1). He says it is not safe to eat the food at the FDOC prison. He alleges that staff have killed other inmates by poisoning their food, and that he has been previously poisoned. (*Id.*). There have been previous threats made against his life, but he does not detail who made the threats, when, or why. If he has properly exhausted these claims—which he must do before filing suit—he should be able to draw facts about the incidents and officials' responses from his grievance forms.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Plaintiff also requests to be transferred to an undisclosed location, but does not state who should not know his location and why. Alternatively, he requests a protective order so that he can receive sealed food to prevent tampering. (*Id*.).

Plaintiff has not made a threshold showing that he is in danger, because his allegations are too vague. He may re-assert his motion if he desires. Plaintiff must include in his motion, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. For example, what are the facts surrounding the deaths of other prisoners who have been poisoned by prison officials? He should also provide or quote from copies of any concern forms or grievances he has filed to show notification to prison officials and their responses. Plaintiff should also include any mental health records that are relevant, including whether he has discussed the allegations of food poisoning and assassination with prison mental health providers.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint to correct the deficiencies set forth above, together with a motion to review the amended complaint, within **thirty (30) days** after entry of this Order. Failure to do so will result in dismissal of this case for failure to state a claim upon which relief can be granted.

2. Plaintiff's Motion for Emergency Transfer (and other relief) (Dkt. 4) is DENIED without prejudice.

3. The Clerk of Court shall provide Plaintiff with a copy of the simplified conditions of confinement complaint form for amendment purposes.

DATED: April 23, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge