UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMY KINNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>IDOC ATTORNEY GENERAL 2022 to current; KLINTON HUST, IDOC INTERSTATE COMPACT COORDINATOR, IDOC WARDENS, JOSH TEWALT, and MARISSA DOAN (I.C.C),<br><br>                    Defendants. | Case No. 1:25-cv-00056-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Timmy Kinner (Plaintiff), an Idaho Department of Correction (IDOC) prisoner currently housed in Florida, was ordered to file a second amended complaint to correct deficiencies in his original complaint. (Dkts. 8, 3). The Court now reviews the Amended Complaint. (Dkt. 11).

REVIEW OF AMENDED COMPLAINT

1. **Three Strikes Status**

The Prison Litigation Reform Act of 1995 introduced a "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

The national federal courts database shows that Plaintiff has filed twenty-four lawsuits over conditions of confinement in three states. The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Kinner v. State of Tennessee*, No. 2:13-cv-2732- JDT-cgc (W.D. Tenn. Jan. 15, 2014) (concluding that dismissal of the case counts as a strike for frivolousness or for failure to state a claim); (2) *Kinner v. Ada Cnty. Prosecutor's Office*, No. 1:21-cv-128-DCN (D. Idaho Sep. 14, 2021) (dismissing the case without prejudice for failure to state a claim); (3) *Kinner v. Reed*, No. 3:23-cv-00465-BJD-MCR (M.D. Fla. April 21, 2023) (dismissing the case without prejudice because "Plaintiff has not filed a proper civil rights complaint or plausibly alleged a cause of action under § 1983"); and (4) *Kinner v. FDOC Director(s)*, No. 3:25-cv-92-WWB-SJH (M.D. Fla. Mar. 27, 2025) (same). The Court concludes that Plaintiff became a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) on April 21, 2023. Plaintiff filed this case on January 30, 2025. Therefore, this case is subject to the three strikes provision.

2. **Allegations and Discussion**

Plaintiff, alleges that, prior to his interstate transfer to an IDOC-contracted Florida prison on May 28, 2022, he had been housed in protective custody in Idaho due to possible danger from other inmates as a result of his criminal conviction involving six victims who were children (one

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

first degree murder and five aggravated assault or battery charges). *See* Case CR01-18-31475, *State of Idaho v. Timmy Earl Kinner*, Jr.[1]

Plaintiff alleges that, upon his arrival at the Florida facility on May 28, 2022, two male John Doe IDOC prison officials slandered and endangered him by telling Florida prison staff that he "killed a bunch of kids," which is an exaggeration of his convictions. Plaintiff alleges, that, since that time, he "has been under attack, literally, either physical, spiritual or both." (Dkt. 11 at 2).

Plaintiff sues Marissa Doan, the IDOC interstate placement and transport coordinator, who approved Plaintiff's transfer from Idaho to Florida. He believes that the transfer to Florida was malicious and retaliatory. Plaintiff specifies the dates of these incidents as June 30, 2018, to May 28, 2022. (*Id*.). These claims are beyond the two-year statute of limitations period, as Plaintiff's "mailbox rule" filing date of his original Complaint is January 24, 2025.

Plaintiff also alleges he wrote to the IDOC about his safety concerns in the Florida facility after he arrived in 2022, but received no reply. Finally, Doan sent him a short reply in 2023, but addressed only other issues, not his safety concerns. She stated that IDOC would review his placement in May 2023. If this correspondence occurred in 2022, it is also beyond the statute of limitations.

IDOC official Klinton Hust replied to correspondence of Plaintiff on October 24, 2024, and said that Plaintiff's move to Florida was in compliance with IDOC policy, as he was moved for his safety and the safety of others. Hust advised Plaintiff to cease requesting a transfer to

---

[1]   *See* Idaho Supreme Court repository online at https://portal-idaho.tylertech.cloud/ odysseyportal/ Home/WorkspaceMode?p=0 (accessed 8/14/25).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

another state. In Hust's correspondence, he uses the term "we"; therefore, Plaintiff asserts that other IDOC Defendants conspired with Hust. These allegations are too vague to state a claim.

Plaintiff asserts that he went to court on May 12, 2025, and was informed that a correctional officer "has a hit on" him. (Dkt. 11 at 3). He alleges that prison personnel want him dead, make sarcastic comments about shooting him, and assault him in places that are hidden from security cameras. He alleges that Corporal Moody threatened to beat him up because he was being "combative," but Plaintiff says he could not have been combative while handcuffed. He asserts that other officers stopped the video surveillance recording to protect Corporal Moody. (*Id*.). Plaintiff asserts that he has been beaten and severely injured by correctional officers, such as suffering a broken arm. (*Id*. at 5).

In a June 30, 2025, filing, Plaintiff wrote to the Clerk of Court: "I'm writing 2 inform dat des hateful evil forces against me have sabotaged me 2 point at I may be dead by time yall get dis. I've told courts here 3 yrs str8 dat my life was & is in danger." (Dkt. 13 at 1) (verbatim).

In a January 14, 2026, filing entitled "Emergency Imminent Danger," Plaintiff wrote: "DOC still sabotaging, harming & trying to kill me & cover it up. I almost dealt w/ cell extraction & didn't have time to do more than send dis [sic] distress call." (Dkt. 14).

The allegations in this case repeat allegations from Plaintiff's prior or ongoing Florida cases where he has asserted that prison officials have harmed him or failed to protect him *See, e.g.*, *Kinner v. FDOC Director, et al*., No. 3:25-cv-00367-WWB-SJH (Case 367) (dismissing without prejudice under the three strikes rule a complaint wherein Plaintiff alleged that since his interstate compact transfer to the state of Florida in 2022, various correctional officers at various facilities have failed to protect him, physically assaulted him, and denied him medical treatment). Plaintiff asserts some of these same allegations here, but instead of suing Florida officials and

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

correctional officers, he sues Idaho prison officials who work with interstate transfers, asserting that they have not properly supervised the Florida officials who have custody of him.

The United States District Court for the Middle District of Florida has reviewed the same or similar allegations of physical harm in several cases and has consistently concluded that Plaintiff has not met the "imminent danger" criteria to have his cases heard in forma pauperis. (*See, e.g.*, Case 367, Dkt. 4). Plaintiff asserts that he is not being treated fairly by the "judge in local racist court." (*Id*). Some of Plaintiff's Florida cases have proceeded or are proceeding to a conclusion on the merits, demonstrating that the Middle District of Florida court has carefully reviewed the allegations of his many complaints individually and does not simply use a broad brush to dismiss all of Plaintiff's claims. *See Kinner v. Moore*, No. 3:24-cv-01131-JEP-SJH (Plaintiff asserts that on July 11, 2024, five Florida correctional officers beat him in his cell, causing serious physical injuries); *Kinner v. Cartwright*, No. 3:24-cv-01294-WWB-MCR (Plaintiff asserts that on September 13, 2024, three Florida correctional officers beat him, causing serious physical injuries).

Here, Plaintiff cannot sue Idaho officials for acts that happened in Florida unless he meets the criteria for showing they had personal participation in the incidents and that they exhibited deliberate indifference. The theory of liability against "respondeat superior" defendants—that a person is liable merely for being the supervisor of a tortfeasor—does not apply to federal civil rights claims. Rather, a person may be held liable as a supervisor under § 1983 if (1) he or she had "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" exists. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (punctuation altered and citation omitted). *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1207-08 (punctuation altered and citation omitted).

Further, because Plaintiff has three strikes, to proceed he must show IDOC officials' acts are causing him to be in imminent danger of harm. The Ninth Circuit Court of Appeals has explained that a prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis if he alleges an ongoing danger at the time he files the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "The prisoner may meet this requirement by 'alleg[ing] that prison officials continue with a practice that has injured him or others similarly situated in the past,' *Andrews,* 493 F.3d at 1057, or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). In addition, there must be a "nexus" between the claims in the complaint and the allegations of imminent danger. *Id.* at 1187, 1190.

The Court will continue this case in the pre-litigation screening phase and request that Defendants provide a Martinez report covering Plaintiff's safety and security concerns in Florida housing during the one-year period preceding this Order, addressing any of Plaintiff's correspondence received and IDOC responses sent during that time frame, stating whether inmate mental health issues play a role, providing any prison and medical records that substantiate or call into question Plaintiff's claims of having been beaten up and severely injured by correctional

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6**

officers, identifying the IDOC officials and employees currently in charge of overseeing the welfare of Idaho inmates held in the Florida prison, and specifying supervisory officials' regular duties.

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), rather than dismissing the complaint or sending it out for service and an answer, the district court ordered prison officials to conduct an investigation of the incident to include an interrogation of those concerned. The transcripts of the interrogations and an explanation by the officials were to be provided to the court to enable it to decide the jurisdictional issues and make a screening determination under 28 U.S.C. § 1915(a). *Martinez*, 570 F.2d at 319. The United States Court of Appeals for the Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008), concluding that, "[a]s a permissible option within its broad discretion, a district court in an appropriate case can issue a Martinez-style order that is reasonably tailored to the pretrial needs of the district court to assess the case."

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend/Correct (Dkt. 9) is **GRANTED**.
2. Plaintiff's Motion to Review Amended Complaint (Dkt. 10) is **GRANTED**.
3. Plaintiff's Motion for Jury Trial (Dkt. 12) is **DENIED** as premature.
4. The Clerk of Court shall serve, via the ECF system, a copy of this Order and Plaintiff's Complaint and attachments (Dkts. 11 to 11-5), as well as the supplements (Dkts. 13, 14) on the following counsel on behalf of Defendants: **Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Correction, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7**

5. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

6. Counsel for Defendants are requested to make a limited appearance for the purpose of providing a Martinez report and any other relevant records. The Martinez report should be filed within **90 days** after entry of this Order.

7. The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

8. After the filing of the Martinez Report, Plaintiff shall have **30** days in which to file a response.

DATED: March 10, 2026

Amanda K. Brailsford
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 8**